IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**OSCAR WILEY,**

    **Plaintiff,**

vs.                                                       Case No. 4:23-cv-00515-AW-MAF

**JEB BUSH, GOVERNOR,**
**OFFICE OF EXECUTIVE CLEMENCY,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Oscar Wiley, a prisoner proceeding *pro se*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402 filing fee and filed an application to proceed *in forma pauperis* (IFP), which is due to be denied because it is incomplete. ECF No. 2.

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal courts, is a three-striker under the Prison Litigation Reform Act (PLRA) who did not pay the $402 filing fee at the time he initiated this case; therefore, this case should

be dismissed. In addition, this filing is malicious because Plaintiff affirmatively misrepresented his litigation history.

I. **Plaintiff's IFP Motion, ECF No. 2, is Denied.**

Rather than pay the filing fee, Plaintiff chose to file an application to proceed IFP; however, the motion is incomplete. ECF No. 2. Plaintiff did not sign the first page; the financial certificate is missing the required signature from an authorized penal official; and Plaintiff did not submit the requisite inmate account statements for the six-month period immediately preceding the filing of the complaint. Id. Ordinarily, the Court would require Plaintiff to amend his IFP application, but this case is due to be dismissed as malicious and because Plaintiff is a three-striker. The IFP motion is **DENIED**.

II. **Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)

(affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

     Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d

1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## III. Plaintiff's Complaint, ECF No. 1.

On the first page of the complaint, Plaintiff named two defendants: the Florida Department of Corrections (FDOC) and "Governor Jeb Bush." ECF No. 1. However, on the second page of the complaint, Plaintiff only names Jeb Bush and sued him in his individual capacity. Id., p. 2

Plaintiff's complaint is no model of clarity. A rambling narrative, at least part of the complaint contains fantastical allegations. Plaintiff claims when he was involved in "a death fight" with a Mongolian prisoner, he lost a tooth. Id., p. 5. According to Plaintiff, "a Japanese orthonologist (sp) welded in all my teeth." Id. Allegedly, Plaintiff was strapped to a bed for a month in Korea. Id. Plaintiff claims the Iraq War was about him; the "White House Masons" are afraid of him because of the "mothership"; Melchizedek came to see him with

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 4:23-cv-00515-AW-MAF

Nubian prophets in prison; and his wife, who is from the planet Venus, traveled in a spaceship with Martians to visit Plaintiff in prison. Id., pp. 5-6.

Plaintiff further alleges prison guards force him to eat bodily fluids and toilet water in his food at every meal. Id., p. 16. After killing a prison guard, Plaintiff was placed in a stripped cell without a mattress for months and was beaten while strapped to a bed; he also alleges prison guards raped him. Id. There is no indication of when any of these incidents may have occurred. Plaintiff believes he will be "r[u]n over by a[n] armored tank." Id., p. 15. None of the events are attributable to either defendant.

As relief, Plaintiff wants his U.S. "Postal Service mail rights" returned to him; $100 billion dollars; and release from prison. Id., pp. 15, 17.

## IV. Plaintiff's Affirmative Misrepresentations of His Federal Litigation History.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 1, pp. 12-13. On the form, "Section VIII. Prior Litigation" provides the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

Id., p. 8. In Sections VIII(A) and (C), Plaintiff is required to identify his federal cases which count as a "strike" under the PLRA and any habeas petitions filed in state or federal court challenging his conviction or relating to the conditions of confinement. Id., pp. 9-12.

Question A asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Id., p. 9. Plaintiff answered, "No." Not so. Plaintiff has "three strikes":

1. M.D. Fla. 3:10-cv-00216-J-25TEM, Wiley v. Doe (dismissed as frivolous)

2. M.D. Fla. 3:17-cv-00239-J-20-PDB, Wiley v. Black, et al. (dismissed as frivolous).

3. M.D. Fla. No. 3:17-cv-00259-J-39PDB, Wiley v. Black (dismissed as frivolous).

Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 14. Plaintiff

Case No. 4:23-cv-00515-AW-MAF

answered, "No." ECF No. 1, p. 10. Not true. Plaintiff filed no less than ten cases in the Middle District of Florida.[2]

Plaintiff knew accurate disclosure of his litigation history is required and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. The Middle District of Florida previously advised Plaintiff of this requirement. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury,

---

[2] The Court will not list all of Plaintiff's federal cases in this Report because it is Plaintiff's obligation to accurately disclose his litigation history.

is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## V.    Plaintiff is a Three-Striker under the PLRA.

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

Case No. 4:23-cv-00515-AW-MAF

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

As, explained in Section III above, the Court takes judicial notice of certain federal actions previously brought by Plaintiff in various courts, while he was a prisoner under the PLRA, which were dismissed as frivolous.

Plaintiff's claims do not satisfy the imminent danger exception. The Court is not unsympathetic to Plaintiff's allegations of physical abuse by prison guards, but he alleged no set of facts that would demonstrate he is in imminent danger of serious physical injury at the time of his initial filling. Normally, the Court would permit a *pro se* plaintiff the opportunity to amend

a complaint before recommending dismissal. However, this Court will not follow that trend for three reasons: (1) Plaintiff is a three-striker who did not pay the filing fee when he initiated the case, (2) Plaintiff has not met the imminent danger exception, and (3) under the penalty of perjury, Plaintiff made false representations about his litigation history.

## VI. Conclusion and Recommendation

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is **DENIED** as incomplete.

2. It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee at the time he initiated this case and fails to meet the imminent danger exception. In addition, because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury, the case should be **DISMISSED** as malicious and counts as a strike. Finally, it is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on December 5, 2023.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).